UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-03231-JFW-PD                    Date: July 1, 2026

Title   *Jessee D. Roach v. Narcissee et. al*

Present:  The Honorable:       Patricia Donahue, U.S. Magistrate Judge

|                    |                           |
|--------------------|---------------------------|
| Isabel Verduzco    | N/A                       |
| Deputy Clerk       | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|----------------------------------|-----------------------------------|
| N/A                              | N/A                               |

**Proceedings (In Chambers):       Order Dismissing Complaint with Leave to Amend**

On December 1, 2025, Plaintiff Jessee D. Roach ("Plaintiff"), who is currently confined at the West Valley Detention Center, proceeding *pro se*, filed a complaint under 42 U.S.C § 1983 against Defendants San Bernardino County Sheriffs Brandon Narcissee, R. Maldenaldo, Cervantes, Enciso, and the San Bernardino Sheriffs' Department regarding an incident that took place in Morongo Valley on June 25.  Dkt. No. 1.  Plaintiff alleges claims for excessive force, battery and negligence.  *Id*. at 5.

After screening the Complaint, the Court finds that it is subject to dismissal without prejudice.[1]  Plaintiff will be given an opportunity to file a First Amended Complaint following the Court's guidance below.

I.      **Summary of Factual Allegations and Claims**

Plaintiff alleges that on June 25, "I was asked to talk (not under arrest) I followed the Sheriff orders and was battered by the [Sheriff] resulting in [irreparable] injury of which there is no adequate legal remedy (such as

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-03231-JFW-PD                    Date: July 1, 2026

Title     *Jessee D. Roach v. Narcissee et. al*

[monetary] damages) that exist."[2]  *Id.*  Plaintiff goes on to claim he suffered "acute traumatic brain damage," "[subdural hematoma]" a "stroke resulting in dead brain tissue in frontal lobe," and "foot drop/nerve palsy of left foot." *Id.*

Plaintiff alleges these injuries were the result of "[assault] by Sheriff who negligently used excessive force causing injuries [including] but not limited [to permanent] brain and nerve damage heart problems [and] a TBI [consisting] of [subdural hematoma] and dead brain tissue."  *Id.* at 7.

Plaintiff alleges he was "a victim of excessive force" and was "O.C sprayed and [tasered]."  *Id.* at 9.  Plaintiff further alleges he "suffered a traumatic brain injury due to the officers' negligence" and was "a victim of police brutality and excessive force" when he was arrested.  *Id.*  Plaintiff alleges that the "sheriffs had malicious intent."  *Id.*

Plaintiff seeks $3 million dollars in damages.  *Id.* at 11.

II.     **Discussion**

  A.     **Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege factual allegations to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [the particular claim] rests."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted).  A complaint fails to comply with Rule 8 if it does not set forth, clearly and concisely, factual allegations sufficient to provide the named defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them.  *See, e.g., McHenry v. Renne,* 84

---

[2] Plaintiff fails to specify the year of the incident.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-03231-JFW-PD                    Date: July 1, 2026

Title      *Jessee D. Roach v. Narcissee et. al*

F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Exmundo v. Kane*, 553 F. Appx. 742, 743 (9th Cir. 2014) (affirming district court dismissal of § 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions").

Here, the Complaint fails to state the year the incident took place. That information is necessary to provide each Defendant with fair notice. The Complaint also lacks necessary details about the incident, including the reasons why Sheriff Defendant(s) came to Plaintiff's address and the sequence of events after they arrived.  Plaintiff must allege facts describing each Sheriff Defendants' individual acts or omissions that allegedly caused him harm and allege facts explaining any injuries or damages that he suffered, *i.e.,* which Sheriff Defendants caused which injuries to him, whether the Sheriff Defendants collectively caused him harm, and how long the incident lasted.

### B.    Section 1983 Claims

To establish liability under 42 U.S.C. § 1983, a plaintiff must demonstrate that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).  Liability under § 1983 arises only upon a showing of personal participation by the defendant.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Here, Plaintiff must allege facts describing each Sheriff Defendants' individual acts or omissions that allegedly caused a deprivation of his federal rights and allege facts explaining any harm or damages that he suffered.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-03231-JFW-PD                          Date: July 1, 2026

Title      *Jessee D. Roach v. Narcissee et. al*

## C.    Fourth Amendment and Excessive Force

Construed liberally, the Complaint appears to assert a Fourth Amendment claim for excessive force under U.S.C. §1983.  *See Velazquez v. City of Long Beach*, 793 F.3d 1010, 1024 (9th Cir. 2015) ([A] constitutional complaint of excessive force arises under the Fourth Amendment[.]").  Courts analyzing excessive force claims must "determine[e] whether the force used to effect a particular seizure is reasonable" by "careful[ly] balancing . . . the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The reasonableness of an officer's use of force is determined by balancing the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696, 703 (1983).  In determining whether the force utilized is objectively reasonable, courts consider: "(1) 'the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted,' (2) 'the government's interest in the use of force,' and (3) the balance between 'the gravity of the intrusion on the individual' and 'the government's need for that intrusion.'" *Lowry v. City of San Diego*, 858 F.3d 1248, 1256 (9th Cir. 2017) (en banc) (quoting *Glenn v. Washington Cnty.*, 673 F.3d 864, 871 (9th Cir. 2011)).

The Complaint fails to state an excessive force claim under the Fourth Amendment. Plaintiff does not allege which officer specifically used excessive force, how each officer used excessive force, the basis for each officer's lack of probable cause to believe that Plaintiff had committed a crime, or what injuries Plaintiff suffered.  The conclusory statements in the Complaint that Plaintiff was a victim of excessive force and that the Sheriff Defendants had malicious intent are not specific and fail to comply with Rule 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-03231-JFW-PD                    Date: July 1, 2026

Title      *Jessee D. Roach v. Narcissee et. al*

Plaintiff is given leave to amend his excessive force claim under the Fourth Amendment.

## III.   Order

For the foregoing reasons, the Complaint is dismissed with leave to amend.  Because the Complaint may be amended to state a cognizable claim, Plaintiff may file a First Amended Complaint no later than **July 29, 2026**.  Plaintiff is advised that a First Amended Complaint would entirely replace the Complaint in this action.

Any amended complaint must:

(a) be labeled "First Amended Complaint;"
(b) be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2;
(c) contain a "short plain" statement of the claim(s) for relief, see Fed. R. Civ. P. 8(a);
(d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);
(e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b); and
(f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each defendant did and how each specific defendant's conduct injured plaintiff.

If, given the contents of this Order, Plaintiff chooses not to proceed in this action, he may expedite matters by signing and returning the attached Notice of Dismissal by **July 29, 2026**, which will result in the voluntary dismissal of this action without prejudice.

**Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a First Amended Complaint or Notice of**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-03231-JFW-PD                    Date: July 1, 2026

Title       *Jessee D. Roach v. Narcissee et. al*

**Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

IT IS SO ORDERED.

Attachments:
--Central District of California Civil Rights Complaint Form (CV-66)
--Notice of Voluntary Dismissal (CV-09)